# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT XAVIER MORALES,**
    Plaintiff,

v.                               Case No. 16-CV-1070

**LT. HANNA, LT. FRITZ, CO OSWALD,
CO MCDONALD, and
MILWAUKEE COUNTY JAIL,**
    Defendants.

## ORDER

The plaintiff, Robert Xavier Morales, is a state prisoner proceeding *pro se*. He is currently being housed at Green Bay Correctional Institution. He filed this civil rights action under 42 U.S.C. § 1983, alleging violations of his rights under the Eighth and Fourteenth Amendments while he was being held at the Milwaukee County Jail for a pre-trial court appearance. This matter comes before me on plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) and for screening of the complaint.

I waived plaintiff's initial partial filing fee because he lacks the funds to pay. ECF No. 6, at 2–3; *see also* 28 U.S.C. § 1915(b)(4). Therefore, I will grant his motion for leave to proceed without prepayment of the filing fee.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must identify cognizable claims and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a cognizable claim, the plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). But, a "[l]itigant[] need not plead legal theories" so long as his factual allegations "provide fair notice to the defendants of the necessary elements" of his claims. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) (citing *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007)). Because he is representing himself, I give plaintiff's complaint, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim for relief under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that, while he was restrained and in handcuffs, defendants repeatedly struck, aggressively handled, and threatened him. He further alleges that defendant Lieutenant Hanna prevented a nurse from treating him for the injuries that he sustained from this.

2

"[T]he 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). An officer who has an opportunity to intervene to stop a violation but fails to do so may also be held liable. *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). Plaintiff alleges that defendants Hanna, Fritz, and Oswald deliberately hurt him for no reason. Whether McDonald did the same is unclear, but plaintiff's allegations show that McDonald was present and had an opportunity to intervene but did not, so he may be liable, as well. Therefore, plaintiff may proceed against Hanna, Fritz, Oswald, and McDonald in their individual capacities on claims that they violated his Eighth Amendment right to be free from the use of excessive physical force.

"The Eighth Amendment [also] safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d, 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). "'Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution.'" *Id.* (quoting *Rodriguez*, 577 F.3d at 828). Plaintiff alleges that he was in a great deal of pain from defendants' use of force, that a nurse visited him in his cell, and that Hanna sent the nurse away shortly after she arrived, before she could treat him. Plaintiff alleges that Hanna said to him, "You're fine." Compl., ECF No. 1, at 6. This is enough to allow plaintiff to proceed against Hanna in his individual capacity on an Eighth Amendment claim that Hanna was deliberately indifferent to plaintiff's serious medical needs.

3

Plaintiff claims that his rights under the Fourteenth Amendment were violated, but it appears from his factual allegations that he includes the Fourteenth Amendment only because it is the vehicle by which the Eighth Amendment was incorporated against the states, *Robinson v. California*, 370 U.S. 660, 667 (1962), and that he does not raise any independent claims under the Fourteenth Amendment.

It is not clear whether plaintiff intended to name the Milwaukee County Jail as a defendant or included it in the caption merely to identify where the individual defendants were employed. Regardless, plaintiff's complaint does not indicate or suggest that the alleged constitutional violations resulted from a municipal policy or practice, and "[m]unicipal liability under § 1983 is appropriate only when [a municipal] policy [or practice] is the 'direct cause' or 'moving force' behind a constitutional violation." *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (quoting *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)). Therefore, plaintiff may not proceed against the Milwaukee County Jail, and I will dismiss the Milwaukee County Jail as a defendant to this action.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Milwaukee County Jail is **DISMISSSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the following Milwaukee County defendants: Lt. Hanna, Lt. Fritz, CO Oswald, and CO McDonald.

4

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants who are served shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the assigned case name and number of this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

5

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge